**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL F. HEANEY,**

          **Plaintiff,**

      **v.**                               **Civil No. 6:01-CV-1268
                                               (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____

**APPEARANCES:**                   **OF COUNSEL:**

**FOR THE PLAINTIFF:**

CONBOY, MCKAY LAW FIRM    LAWRENCE D. HASSELER, ESQ.
307 State Street
Carthage, New York 13619

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY       WILLIAM H. PEASE
United States Attorney            Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe
U.S. District Judge**

**DECISION AND ORDER**

**I. Introduction**

On August 10, 2001, Michael Heaney challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

**II. Procedural History**

After Heaney filed for disability benefits[1] in March 1999, his application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) John M. Lischak. On September 25, 2000, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

**III. Contentions**

Heaney contends that the Commissioner's decision is not supported by substantial evidence. More specifically, he claims that the ALJ: (1) disregarded the opinion of his treating source; (2) failed to support his

---

[1] Heaney met the Social Security Act insured status requirements on March 12, 1999, and continued to meet them at all relevant times. (Tr. 26). "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

residual functional capacity (RFC) determination with objective evidence; and (3) discounted his complaints of disabling pain. The Commissioner counters that substantial evidence supports the ALJ's disability decision.

## IV. Facts

The evidence in this case is undisputed, and the court adopts the parties' factual recitations. *See Pl.'s Br., pp. 3-9, Dkt. No. 6; Def.'s Br., p. 2, Dkt. No. 7.*

## V. Discussion

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ. The ALJ's decision is subject to judicial review. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must

3

set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that

4

of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B. Five-Step Disability Determination

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]  The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  20 C.F.R. §§ 404.1520, 416.920.[3]  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[3] The court notes that revised versions of these sections came into effect in September 2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e) clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These revisions do not affect the Five-Step Disability Determination sequence.  The revised versions have no effect on the outcome of this case.  For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, he will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir.

7

1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here, the ALJ found that Heaney satisfied Step One because he had not worked since October 30, 1998,[4] the alleged onset day of his disability.  In Step Two, the ALJ determined that he suffered from spinal stenosis[5] and a seizure disorder.  In Step Three, the ALJ determined that his impairments, while severe, failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.  In Step Four, the ALJ determined that Heaney possessed the RFC to perform his past relevant work as a recycling center supervisor.  In Step Five, the ALJ determined that Heaney possessed the RFC for light work which was limited only in his lifting and carrying more than ten pounds frequently, lifting more than twenty pounds

---

[4]The ALJ properly considered only the period of time subsequent to Heaney's application for SSI benefits in making his disability determination.

[5]Stenosis is a "narrowing or stricture of a duct or canal."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

8

occasionally, and more than occasional stooping.  Consequently, he found Heaney not disabled and denied benefits.

## C. Treating Physician Rule

Heaney argues that the ALJ's determination that he had the RFC for light work is contrary to the medical record.  Heaney maintains that the opinion of Dr. Owen, his treating physician, should have been given controlling weight.  He claims that the ALJ instead accepted the opinions of non-examining consultants without giving reasons for discrediting Heaney's treating source.  Essentially, Heaney contends that the complete medical record is inconsistent with the ALJ's findings.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the

9

length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id*.  Thus, a treating physician's disability assessment is not determinative.  *Id*.  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Heaney contends that the ALJ erred when he relied on the opinions of non-examining consultants instead of his treating physician.  This contention is without merit.  As mentioned, the final determination of

10

disability is reserved for the Commissioner.  The ALJ considered the objective medical evidence of Heaney's physical impairments and properly concluded that he was not disabled.

Heaney began complaining of pain in his right arm in September 1998.  An MRI obtained on October 23rd revealed degenerative changes with broad based annular bulges[6] at the level of the C7-T1 vertebrae, narrowing of the intervertebral foramina,[7] mild canal stenosis, and a posterior osteophytic spur[8] at the C7-T1 vertebrae.  (Tr. 136).  His treating physician, Dr. Owen, referred Heaney for a surgical evaluation, and a second MRI revealed mild to moderate degenerative disease.  (Tr. 137). The suggested surgical procedure was postponed from January until March of 1999, at which time a pre-surgical evaluation was performed.  (Tr. 140).  By that time, Heaney was experiencing significant symptomatic improvement with increased strength in his right tricep and right hand grip. (Tr. 141).  In fact, his symptoms had improved so greatly that the surgical

---

[6]Annular bulges are bulges around the vertebrae that are shaped like a ring.  *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

[7]Intervertebral foramina are "the four short, forked tunnels in each lateral wall of the sacral canal, connecting it with the pelvic and dorsal sacral foramina."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

[8]An osteophytic spur is a "projecting body, as from a bone."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

11

option was withdrawn at that time, and Heaney adopted a conservative treatment approach. *Id.*

The ALJ properly pointed out that the record contains no further mention of surgery. The next available medical information in the record is from an examination conducted in May 1999 by a state agency physician. (Tr. 157). The state agency physician, Dr. Kasulke, noted that Heaney retained a +5 motor strength, sensation, and reflexes in both his upper and lower extremities. (Tr. 158). Range of motion testing was normal except for a slight bilateral cervical spine tilt of thirty degrees on the right and forty degrees on the left. *Id.* No additional testing was considered necessary. *Id.* There is no medical evidence indicating treatment after the consultative examination until March of 2000. Therefore, the ALJ properly pointed out that Heaney did not seek consistent medical care for his impairments.

Moreover, two different reviewing physicians filled out RFC assessments for Heaney and found him not disabled. Both reviewing physicians concurred in their RFC evaluations that Heaney could occasionally lift twenty pounds, frequently lift ten pounds, and sit, stand or walk for six hours in an eight-hour day. (Tr. 167).

Heaney next contends that the ALJ improperly ignored the opinion of

12

Dr. Owen, Heaney's treating physician.  Dr. Owen was the only examining physician in the record who concluded that Heaney was "totally disabled." (Tr. 141).  Moreover, Dr. Owen's determination that Heaney was disabled was unsupported by objective medical findings.  Dr. Owen's opinion was not binding on the ALJ.

Heaney's contention of disability for the period of time he remained eligible is unsupported by the record.  Moreover, the lack of objective findings also fails to support his alleged disability.  Accordingly, the ALJ's decision was not contrary to the law, and his decision was supported by substantial evidence.

## D.  **Subjective Complaints of Pain**

Heaney also claims that the ALJ improperly discounted his allegations of disabling pain and substituted his own judgment for that of medical doctors.  The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529(a), 416.929(a).  The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003

WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[9] or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

---

[9] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

14

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

Heaney claims that he suffers from chronic and persistent pain that precludes him from engaging in even light work. In particular, Heaney alleges that he suffers from severe back pain, neck pain, arm pain, and a

15

seizure disorder. Heaney also claims that the ALJ mischaracterized his daily activities.

The ALJ's decision was based on substantial evidence. As the ALJ noted, no doctor has prescribed Heaney any medications for his alleged disabling pain. (Tr. 16). His only prescribed medication, Depakote, is for his seizure disorder,[10] which Heaney does not allege to be a disabling ailment. (Tr. 46). Heaney's scheduled spinal surgery was cancelled because of the significant improvement in Heaney's functional abilities and lessening of pain. (Tr. 16). Although he may have pain, "some pain does not mean disabling pain." *Dumas*, 712 F.2d at 1552.

Moreover, the record demonstrates that Heaney shopped, cleaned, cooked in his home, washed laundry, walked to and from the grocery store, and handled his personal finances. (Tr. 53). He also watched television, listened to the radio, and independently maintained his personal grooming. *Id.* Heaney's daily activities coupled with the lack of medical evidence belie his contention of disabling pain. Accordingly, the ALJ's decision was based on substantial evidence.

---

[10]Heaney testified that the Depakote controls his seizures. (Tr. 46).

16

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

November 16, 2005
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge